IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| IN RE: MARRIOTT INTERNATIONAL CUSTOMER DATA SECURITY BREACH LITIGATION * * * THIS DOCUMENT RELATES TO * ALL ACTIONS * | MDL No.: 19-md-2879 JUDGE GRIMM |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT STATUS REPORT

Pursuant to the Court's July 2, 2019 Order (ECF No. 313), the parties in the Consumer, Financial Institution ("FI"), Government, Securities, and Shareholder Derivative Tracks submit the following Joint Status Report.

### Status of the Pleadings

In the Consumer Track, Marriott timely filed its answer on July 13, 2020. (ECF No. 604.) On August 3, 2020, Marriott filed an Amended Answer and Affirmative Defenses. (ECF No. 620.)

Accenture LLP's motion to dismiss, which was filed on October 8, 2019, was fully briefed as of November 26, 2019, and is still awaiting a ruling. (ECF Nos. 464, 481, 504.)

In the FI Track, Marriott's motion to dismiss was granted in part and denied in part on February 7, 2020. (ECF No. 532.) Although Marriott's answer was due on June 15, 2020 pursuant to Judge Bredar's April 10, 2020 Standing Order 2020-07, the parties agreed that Marriott will postpone answering the FI Track Plaintiff's First Amended Complaint given that the FI Track Plaintiff has decided to withdraw its claim for reimbursement of fraudulent charges

and has moved for leave to file a second amended complaint. As of July 30, 2020, the FI Track Plaintiff's motion for leave has been fully briefed and awaits a ruling. (ECF. Nos. 590, 606, 618.)

On March 31, 2020, the Court approved the Securities and Shareholder Derivative Track parties' proposed schedule for the amended complaints and their responses. (ECF Nos. 555, 559.) Pursuant thereto, the Securities Track Lead Plaintiff timely filed its Third Amended Consolidated Complaint on July 24, 2020. (ECF No. 609.) The Securities Track Defendants moved to dismiss on September 8, 2020. (ECF No. 647.) Lead Plaintiff is scheduled to file its opposition to the motion to dismiss on October 23, 2020.

Pursuant to the Order dated August 3, 2020 (ECF No. 619), the Shareholder Derivative Track Plaintiffs timely filed their Second Amended Consolidated Complaint on August 21, 2020. (ECF No. 624.) The Derivative Track Defendants' deadline to answer or otherwise respond is currently set for 45 days thereafter, or October 5, 2020.

**Discovery**

Since their July 28, 2020 Joint Status Report (ECF No. 612), the parties in the Consumer, FI, and Government Tracks have continued to meet and confer regarding written discovery responses, document productions, privilege issues, third-party subpoenas and other discovery related matters. As a result of those discussions, the parties jointly moved to extend the discovery schedule (ECF No. 622), which the Court granted by Order dated August 18, 2020. (ECF No. 623.) Plaintiffs provided Marriott with a list of proposed witnesses on July 13, 2020, requesting dates for their depositions, and a draft deposition protocol on July 16, 2020. Additionally, Plaintiffs provided Marriott a Rule 30(b)(6) notice on September 3, 2020, and on September 24, 2020 provided an amended copy of the notice. Marriott informed Plaintiffs that it would only make witnesses available for deposition once and that given the lack of an agreed deposition protocol and the number of discovery issues that are before the Court, it made sense to schedule

depositions after the issues were resolved. Nonetheless, Plaintiffs indicated their intent to proceed with depositions. Marriott agreed to provide Plaintiffs with deposition dates. The parties are conferring regarding the deposition protocol.

In the Consumer Track, the parties have served various discovery requests, served responses and objections thereto, and have met and conferred regarding certain of the requests, responses, and objections. On July 17, 2020, the Consumer Plaintiffs submitted a letter to Special Master Facciola seeking to compel Marriott to produce certain documents related to CrowdStrike, pursuant to the Stipulated Order Regarding Discovery-Dispute Protocol.[1] (ECF No. 580.) Marriott submitted its opposition letter brief on August 14, 2020. On September 1, 2020, Special Master Facciola submitted his Report and Recommendation regarding the CrowdStrike documents to the Court. (ECF Nos. 634, 635.) On September 15, 2020, both Marriott and the Consumer Track Plaintiffs filed objections to the Special Master's Report and Recommendations. (ECF Nos. 650, 651.) The Consumer Track Plaintiffs filed a corrected objection shortly thereafter on September 16, 2020, in order to fix two, non-substantive typographical errors. (ECF No. 652.)

On August 19, 2020, Marriott submitted a letter to Special Master Facciola seeking to compel the Consumer Plaintiffs to produce unredacted documents, to disclose relevant payment card numbers, and to permit the use of publicly available street addresses in third-party discovery requests. The Consumer Track Plaintiffs responded on September 2, 2020. And on September 14, 2020, Special Master Facciola submitted his Report and Recommendation to the Court. (ECF No. 649.)

---

[1] Plaintiffs in the Financial Institution and Government Tracks support the relief sought by the Consumer Plaintiffs.

The Consumer Plaintiffs have also served discovery requests on Accenture LLP. The parties held several meet and confer conferences concerning Accenture's responses. As previously reported, the parties reached agreement on search terms and custodians on July 22, 2020. To date, Accenture has made seven rolling productions of documents, meeting the deadline for substantial completion of production on September 21, 2020. Accenture also served discovery upon the Consumer Plaintiffs. The Consumer Plaintiffs served their written responses to Accenture's discovery on July 23, 2020, and have since produced responses from the Bellwether Plaintiffs. Accenture has reviewed the Bellwether Plaintiffs' responses, and the parties continue to meet and confer regarding those responses.

In the Government Track and since their last report, the parties have continued to meet and confer regarding the City of Chicago's responses to Marriott's First and Second Set of Interrogatories and Marriott's First Set of Requests for Production. As the parties anticipated, despite reaching agreement on certain outstanding issues, they have since submitted certain issues to Special Master Facciola. Marriott submitted its opening letter seeking to compel discovery on September 1, 2020 and the City of Chicago provided its response letter to the Special Master on September 25, 2020.

In the FI Track, on February 21, 2020, Marriott served its Second Set of Interrogatories and Requests for Production. The FI Track Plaintiff served its responses and objections to those requests on March 23, 2020. On April 10, 2020, Marriott served its Second Set of Requests for Admission to the FI Track Plaintiff. The FI Track Plaintiff served its responses and objections to those requests on May 11, 2020. The parties have met and conferred regarding Marriott's discovery requests to narrow issues in dispute.

On May 26, 2020, the parties participated in a telephonic conference with Special Master Facciola on Marriott's claim that the FI Track Plaintiff failed to comply with protocols governing electronically stored information. At the conclusion of that conference, Special Master Facciola determined that Marriott should move forward with three depositions of FI Track Plaintiff employees to probe its representations about the existence of electronically stored information. Marriott took these depositions on July 28-30, 2020.

During the May 26, 2020 conference, the FI Track Plaintiff also informed Special Master Facciola that it had advised Marriott on May 21, 2020, that it was no longer pursuing the claim that it reimbursed customers for fraudulent charges on payment cards. On May 27, 2020, the parties met and conferred regarding the manner in which the FI Track Plaintiff would memorialize this change with the Court as well as the FI Track Plaintiff's amendments to its discovery responses. On July 9, 2020, the FI Track Plaintiff filed a letter motion for leave to file a second amended complaint. (ECF No. 590.) Marriott filed a conditional opposition on July 20, 2020. (ECF No. 606.) As noted above, the FI Track Plaintiff filed its reply on July 30, 2020 and the motion awaits a ruling. (ECF No. 618.)

Further, on August 26, 2020, Marriott filed a letter request for sanctions against the FI Track Plaintiff for certain alleged discovery deficiencies. (ECF No. 628.) The Court referred the request to Special Master Facciola by Order dated August 31, 2020. (ECF No. 629.) Consistent with that Order, on September 14, 2020, the FI Track Plaintiff filed its opposition to Marriott's request. (ECF No. 648.) Marriott filed its reply in support of sanctions on September 21, 2020. (ECF No. 653.) The parties await the Special Master's recommendation.

As also previously noted, the parties in the Consumer, FI, and Government Tracks have also issued Rule 45 subpoenas to various third parties. Some third parties have produced

documents in response thereto, and efforts to meet and confer continue with respect to certain third parties.

Participation by Plaintiffs in the Securities and Shareholder Derivative Tracks has been limited due to the discovery stay, and they continue to reserve their rights to seek additional discovery not contemplated by parties to the Consumer, FI, and Government Tracks, including, but not limited to, identification of additional search terms, key custodians, key data sources, exclusions, and third parties, when and if the stay is lifted.

\*     \*     \*

Should the Court require additional information, the parties would be pleased to attend a status conference at a date and time convenient for the Court.

Dated: September 28, 2020                 Respectfully submitted by:

*/s/ Benjamin H. Richman*
Benjamin H. Richman
brichman@edelson.com
Iman N. Boundaoui
iboundaui@edelson.com
**EDELSON PC**
350 North LaSalle, 14th Floor
Chicago, IL 60654
T 312.589.6370

*Counsel for the City of Chicago, Government Track*

*- and -*

*/s/ Timothy Brown*
Timothy Brown (*pro hac vice*)
**THE BROWN LAW FIRM, P.C.**
240 Townsend Square
Oyster Bay, NY 11771
T 516.922.5427
tbrown@thebrownlawfirm.net

*/s/ Gregory Egleston*
Gregory Egleston
**GAINEY MCKENNA & EGLESTON**
501 Fifth Avenue, 19th Floor
New York, NY 10017
T 212.983.1300
gegleston@gme-law.com

*Plaintiffs' Co-Lead Counsel for Shareholder Derivative Track*

*- and -*

*/s/ Carol C. Villegas*
Carol C. Villegas
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
T 212.907.0624
cvillegas@labaton.com

*Lead Plaintiff's Counsel for Securities Track*

*- and -*

*/s/ Amy E. Keller*
Amy E. Keller
D. Md. Bar No. 20816
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, IL 60602
T 312.214.7900
akeller@dicellolevitt.com.com

*/s/ James J. Pizzirusso*
James J. Pizzirusso
D. Md. Bar No. 20817
**HAUSFELD LLP**
1700 K Street NW Suite 650
Washington, DC 20006
T 202.540.7200
jpizzirusso@hausfeld.com

*/s/ Andrew N. Friedman*
Andrew N. Friedman
D. Md. Bar No. 14421
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
T 202-408-4600
afriedman@cohenmilstein.com

*Plaintiffs' Co-lead Counsel for the Consumer Track*

*- and -*

8

*/s/ Arthur Murray*
Arthur Murray
**MURRAY LAW FIRM**
650 Poydras Street, Suite 2150 New Orleans, LA 70130
T 504.525.8100
amurray@murray-lawfirm.com

*/s/ Steven D. Silverman*
Steven D. Silverman
D. Md. Bar No. 22887
**SILVERMAN THOMPSON SLUTKIN & WHITE LLC**
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
T 410.385.2225

*Plaintiff's Co-Lead Counsel for the Financial Institution Track*

*- and -*

*/s/ Lisa M. Ghannoum*
Daniel R. Warren (*pro hac vice*)
Lisa M. Ghannoum (*pro hac vice*)
**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: 216.621.0200
Fax: 216.696.0740
Email: dwarren@bakerlaw.com
Email: lghannoum@bakerlaw.com

Gilbert S. Keteltas (Bar No. 12679)
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave. NW, Suite 1100
Washington, DC 20036
Tel: 202.861.1530
Fax: 202.861.1783
Email: gketeltas@bakerlaw.com

*Defendants' Co-Lead Counsel for the Consumer, Financial Institution, and Government Tracks*

*/s/ Jason J. Mendro*
Jason J. Mendro (Bar No. 17609)
Jeffrey S. Rosenberg (Bar No. 16736)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 955-8297
Fax: (202) 530-9500
jmendro@gibosndunn.com
jsrosenberg@gibsondunn.com

Adam H. Offenhartz (*pro hac vice*)
Laura K. O'Boyle (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
Fax.: (212) 351-4036
aoffenhartz@gibsondunn.com
loboyle@gibsondunn.com

*Counsel for Defendants in the Securities and Derivative Action Tracks*

*- and -*

*/s/ Craig S. Primis*
Craig S. Primis, P.C. (Bar No. 811151)
K. Winn Allen (Bar No. 8111189)
Devin S. Anderson (Bar No. 805892)
Emily M. Long (Bar No. 811317)
Katherine E. Canning (Bar No. 811149)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.389-5000
Fax: 202.389-5200

*Counsel for Defendants Accenture plc and Accenture LLP*

10

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, hereby certify that on September 28, 2020, I served the above and foregoing Joint Status Report on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

*/s/ Benjamin H. Richman*
Benjamin H. Richman